# In the United States Court of Federal Claims

No. 16-1010C

(Filed: December 2, 2016)

```
*************************************
                                    *
ASHTON KRUKOWSKI,                   *
                                    *
            Plaintiff,              *   Rule 12(b)(1) Motion to Dismiss;
                                    *   Tort Claims; False Arrest Claim;
v.                                  *   Constitutional   Claims;   Proper
                                    *   Defendants; Claim Pending before
THE UNITED STATES,                  *   another Court.
                                    *
            Defendant.              *
                                    *
*************************************
```

*Ashton Krukowski,* Las Vegas, Nevada, *pro se* Plaintiff.

*Reta E. Bezak,* with whom were *Benjamin C. Mizer,* Deputy Principal Assistant Attorney General, *Robert E. Kirschman, Jr.,* Director, and *Deborah A Bynum,* Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

OPINION AND ORDER

WHEELER, Judge.

Ashton Krukowski, a currently incarcerated *pro se* plaintiff, seeks relief in this Court for false arrest, constitutional violations, and various tort claims associated with his arrest in February 2016. The Government has filed a motion to dismiss for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim upon which relief can be granted. For reasons explained below, the Court GRANTS the Government's motion to dismiss Mr. Krukowski's claims.

Background

Mr. Krukowski is currently being held at the Clark County Detention Center in Nevada. Compl. at 3. He alleges that he was falsely arrested, subject to violations of his

constitutional rights, the victim of identity theft, and has suffered abuse and neglect while in custody.  Id.  He further alleges that a motion to dismiss counsel and to appoint alternate counsel was wrongfully denied by the United States District Court of Nevada.  Compl. at 4.  On August 15, 2016, he filed a complaint with this Court seeking relief for all of these claims.  On October 14, 2016, the Government filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, or in the alternative, a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted.  Def.'s Mot. at 1.  Mr. Krukowski filed a response entitled "Summary Supplementing Facts to Complaint" on October 18, 2016.  Pl.'s Resp. at 1.

In his October 18, 2016 response, Mr. Krukowski informs the Court of the background information supporting his various claims.  Mr. Krukowski first claims that there are at least 20 charges on his criminal record for which "someone was arrested and booked …under [his] name."  Id. at 5-10.  As a result, he claims he has been the victim of identity theft.  Id. at 5.

Next, Mr. Krukowski claims he was falsely arrested and subject to an illegal search and seizure.  On February 5, 2016, a security guard knocked on Mr. Krukowski's hotel room door investigating allegations that someone was "attempting to murder someone from inside the residence with a firearm."  Id. at 11.  The security guard "mace[d] Ashton in the face and pull[ed] him outside."  Id.  The security guard then called for police assistance.  The police arrived, detained Mr. Krukowski, and began searching his property "without probable cause."  Id. at 12.  Mr. Krukowski was arrested and upgraded to a "category/code 5" due to his extensive criminal record.  Id. at 12.

Mr. Krukowski believes he suffered violations of his constitutional rights following his arrest.  Id. at 12-18.  These include being subject to a competency hearing without his consent, being forced to answer questions during a competency proceeding, not receiving bail, and not being allowed to dismiss his counsel and receive alternative counsel.  Id. at 12-16.  In addition, he claims that he has endured "a lot of abuse and neglect" while in custody.  Compl. at 4.

The complaint in this case names several defendants including seven officers from the Las Vegas Metropolitan Police Department, an employee of Rock Security, an employee of the Emerald Suites Hotel, an officer of the Henderson Police Department, three employees of the District Attorney's Office, two employees of "A.S.T.A.", two employees of "I.N.F.M.", an employee of the city of Las Vegas, five employees of District Public Defenders Office, an employee of the Clark County Detention Center, and an employee of Clark County.  Compl. at 7-8.

Mr. Krukowski has submitted two additional complaints to the 8th U.S District Court of Nevada regarding these same allegations.  Compl. at 4 ("in case #2:16-cv-01782-APA-PAL and in case #2:16-cv-01701-APG-VCF, [about the] same incidents . . . .").  One

of these complaints was filed three weeks before Mr. Krukowski filed the complaint with this Court.  Krukowski v. LVMPD, et al., No. 2:16-cv-01782-APG-PAL (D. Nev. Jul. 26, 2016) (Dkt. No. 11, Att. A).  According to Mr. Krukowski, he has also filed an appeal with the Supreme Court of Nevada which was subsequently dismissed.  Pl.'s Resp. at 18.

Discussion

The Tucker Act ordinarily is the focus of subject matter jurisdiction in this Court, and states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).  The Tucker Act itself "does not create a cause of action."  RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1461 (Fed. Cir. 1998).  Thus, a plaintiff must identify a "separate source of substantive law that creates the right to money damages" in order to invoke the Court's jurisdiction over a claim.  Greenlee County, Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir. 2007) (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005)).  Failure to establish jurisdiction under the Tucker Act requires the Court to dismiss under Rule 12(b)(1).  Outlaw v. United States, 116 Fed. Cl. 656, 658 (2014).  When deciding a Rule 12(b)(1) motion to dismiss, a court must assume all the undisputed facts in the complaint are true and draw reasonable inferences in the non-movant's favor.  Erikson v. Pardus, 551 U.S. 89, 91 (2007).  Courts hold pleadings made by *pro se* plaintiffs to a less stringent standard and liberally construe language in the plaintiff's favor.  Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, none of Mr. Krukowski's claims survive the 12(b)(1) motion to dismiss.

This Court only has jurisdiction to entertain claims against the United States.  28 U.S.C. § 1491(a)(1); United States v. Sherwood, 312 U.S. 584, 588 (1941); Moore v. Public Defenders Office, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction . . . .").  Mr. Krukowski has not named any federal agency or the United States as a defendant.

This Court does not possess jurisdiction over "any claim . . . pending in any other court . . . ." 28 U.S.C. § 1500.  Claims based on substantially the same facts are considered the same claim for purposes of § 1500.  Pellegrini v. United States, 103 Fed. Cl. 47, 50 (2012).  This complaint and the complaint currently filed in the U.S. District Court of

Nevada cite the same facts to allege very similar claims.  Def.'s Mot., Att. A (Mr. Krukowski claims he "was forced to answer questions" and that his criminal record was "altered and modified.").  Mr. Krukowski states that the complaint filed in the U.S. District Court of Nevada contains the same "violations."  Pl.'s Resp. at 15.

This Court does not have the authority to hear claims that sound in tort.  28 U.S.C. § 1491(a)(1); Shearin v. United States, 992 F.2d 1195, 1197 (Fed. Cir. 1993).  The Federal Tort Claims Act grants jurisdiction to hear tort claims exclusively to federal district courts.  28 U.S.C. § 1346(b)(1).  Claims of false arrest, abuse and negligence sound in tort.  O'Conner v. United States, 355 F. App'x 412, 413 (Fed. Cir. 2009); Dumonde v. United States, 87 Fed. Cl. 651, 653 (2009).  Identity theft is also a tort over which this Court does not have jurisdiction.  Aldridge v. United States, 67 Fed. Cl. 113, 120 (2005).  Thus, the Court does not have jurisdiction to hear Mr. Krukowski's claims of false arrest, abuse and neglect in custody, and identity theft.

Mr. Krukowski also asserts violations of his constitutional rights.  He claims violations of the Fourth Amendment because he was subjected to an illegal search and seizure, and violations of his due process rights under the Fourteenth Amendment during and after his trial.  Compl. at 3.  However, this Court does not have jurisdiction over Fourth Amendment or Fourteenth Amendment violations because monetary damages are not available under either of these provisions.  Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995); Stephanatos v. United States, 81 Fed. Cl. 440, 445 (2008).

## Conclusion

For the reasons stated above, the Government's motion to dismiss is GRANTED.  The Clerk of the Court shall enter judgment accordingly.  In addition, Mr. Krukowski's motion to appoint counsel is DENIED as moot.  See Dkt. No. 12.  No costs.

IT IS SO ORDERED.

THOMAS C. WHEELER
Judge